# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACK MANN,

          Plaintiff,               Case no. 14-cv-12762

                                         Hon. Judith E. Levy

v.                               Mag. David R. Grand

DR. TABELING,

          Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

## I. Introduction

Pending before the Court is Plaintiff Jack Mann's *pro se* civil rights complaint, filed pursuant to of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Plaintiff is incarcerated at the Federal Correctional Institution ("FCI") in Milan, Michigan. Plaintiff names a single defendant, Dr. Tabeling. The complaint alleges that Dr. Tabeling violated his rights under the Eighth and Fourteenth Amendments by denying him access to the Residential Drug Abuse and Treatment Program.

## II. Standard

A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

## III. Analysis

Plaintiff states that Dr. Tabeling denied him participation in the Bureau of Prison's Residential Drug Abuse Treatment Program ('RDAP'). The Bureau of Prisons ("BOP") has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a qualifying offense and successfully completes the RDAP. 18 U.S.C. § 3621(e)(2)(B). Plaintiff claims Dr. Tabeling declared him ineligible for the program because plaintiff was deemed to have a violent past, but he allowed convicted sex offenders to participate in the program. Plaintiff

argues this violates his rights under the Equal Protection Clause and the Eighth Amendment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The Fourteenth Amendment applies only to states and state actors, not the federal government. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). However, the Fifth Amendment applies to federal actions, and has an equal protection component. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Sixth Circuit recently noted, "[w]e evaluate equal protection claims against the federal government under the Fifth Amendment just as we would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Id.* A government violates the Equal Protection Clause if it makes "distinctions which either burden a

4

fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The "threshold element of an equal protection claim is disparate treatment." *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiff does not allege that he is being treated differently from other inmates convicted of similar offenses. In fact, plaintiff states that he and other inmates convicted of violent offenses are being treated the same as one another, but differently than inmates in a "different class," *i.e.* those convicted of sex offenses. Therefore, he does not satisfy the threshold element for an equal protection claim. *See id.* Even if the threshold element were satisfied, he still fails to allege a viable equal protection claim. No fundamental right is implicated because inmates do not have a protected liberty interest in RDAP participation. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (federal prisoners have no constitutional or inherent right to participate in rehabilitative programs). Plaintiff does not mention membership in a protected class

such as race or gender.  Because neither a suspect classification nor a fundamental right is involved, the BOP's decision is reviewed under the rational basis test.  *Id.* at 440-42.  "Preventing the early release of potentially violent inmates is a legitimate governmental interest." *Jones v. Quintana*, 2013 WL 502197, *4 (E.D. Ky. Feb. 8, 2013) *citing Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998); *see also Coleman v. Martin*, 363 F.Supp.2d 894, 902 (E.D. Mich. 2005) (finding that Michigan had a rational basis to consider a prisoner's mental health when deciding whether to grant parole for purposes of protecting public safety).  Accordingly, the BOP has a rational basis for excluding prisoners convicted of violent offenses from participation in the RDAP.

Plaintiff also alleges that the denial of RDAP participation violates the Eighth Amendment's ban on cruel and unusual punishment.  "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted).  While there is no "static test" to

6

determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47. An Eighth Amendment conditions-of-confinement claim has both a subjective and an objective component. *Id.* The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While plaintiff has not received the type of treatment he desires (participation in RDAP),a prison inmate, as previously noted, does not have a federal constitutional right to rehabilitation. *See Moody*, 429 U.S. at 88 n.9 (1976). Moreover, plaintiff does not allege that the prison lacked any other drug treatment program. The denial of a particular program based upon plaintiff's criminal history, does not allege "acts or

7

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegation that his alcoholism is a chronic illness that puts him in danger of physical injury also fails to state an Eighth Amendment claim.   While plaintiff may indeed be suffering from alcoholism, he fails to present facts alleging that his lack of access to the RDAP has caused him harm.   Instead, he offers conclusory allegations that the denial violated the Eighth Amendment, which are insufficient to state a claim.

Finally, Plaintiff asserts claims under the FTCA, which provides that the "United States shall be liable... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963). The United States is the only proper defendant under the Federal Tort Claims Act.   *Mars v. Hanberry,* 752 F.2d 254, 255 (6th Cir. 1985).

Accordingly, plaintiff may not raise an FTCA claim against defendant Tabeling.

## IV.  Conclusion

Plaintiff has failed to state a claim for which relief may be granted.  Accordingly, the complaint is DISMISSED with prejudice pursuant to 42 U.S.C. § 1915(e)(2)(B).

Plaintiff's request to be kept at FCI Milan during the duration of this case is DENIED as moot.

SO ORDERED.

Dated: January 6, 2015                    s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2015.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager

9