UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jack Mann,

        Plaintiff,         Case no. 14-cv-12762
                                    Hon. Judith E. Levy
v.                                         Mag. David R. Grand

Dr. Tabeling, *et al.*

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, FOR LEAVE TO FILE AN AMENDED COMPLAINT, OR TO APPEAL [12 & 13] AND STRIKING PLAINTIFF'S AMENDED COMPLAINT [15]**

**I. Introduction**

This matter is before the Court on plaintiff Jack Mann's Motions for Reconsideration (Dkts. 12 & 13). Mann seeks reconsideration of this Court's order summarily dismissing his complaint, entered on January 6, 2015. In the alternative, Mann seeks leave to file an amended complaint or permission to appeal the Court's dismissal. For the reasons set forth below, the Court will deny the motions and strike plaintiff's amended complaint.

## II. Background

The factual background of this case is fully set out in the Court's Order of Summary Dismissal. The Court adopts the factual background as set out in that order.

## III. Amended Complaint

Although federal courts are inclined to grant leave to amend following a dismissal order, there are circumstances where amendment will not be allowed. *See United States v. Frank B. Killian Co.,* 269 F.2d 491, 493 (6th Cir.1959). Where the claims in a proposed amended complaint are wholly unrelated to the claims in the original complaint, granting leave to file a new complaint with those additional claims "would… be inappropriate." *Robinson v. Buffaloe & Assoc., PLC*, 2013 WL 4017045, *4 (M.D. Tenn. 2013) (citing *Hetep v. Warren*, 27 F.App'x 308, 309 (6th Cir. 2001) and *Dean v. Brandon,* 162 F.3d 1161 (Table) (6th Cir. 1998)). The Court need not grant leave to amend when the amendment of the complaint would be futile, and the proposed amendment could not withstand a motion to dismiss. *See Miller v.*

*Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In plaintiff's proposed amended complaint, he seeks to file a habeas petition pursuant to 28 U.S.C. § 2255 alleging "ineffective assistance of counsel" against Dr. Tabeling, the Bureau of Prisons, and the United States for their failure to provide him access to adequate law library facilities. This claim is completely unrelated to the allegations set forth in plaintiff's initial complaint which alleged Eighth and Fourteenth Amendment violations for denying plaintiff access to the Residential Drug Abuse Treatment Program. The proposed amended complaint, furthermore, would be futile as plaintiff's claims before this Court do not trigger a right to counsel.

Accordingly, plaintiff's request to amend his complaint in this manner will be denied.

**IV. Motions for Reconsideration**

Local Rule 7.1(h) allows a party to file a motion for reconsideration. Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). To prevail on a motion for reconsideration a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

In his motions for reconsideration, Mann argues that he has been subject to disparate treatment because he is similarly situated as others who have been granted access to the drug treatment program. (Dkts. 12 & 13)

The arguments raised by plaintiff in his motions for reconsideration were already considered, either explicitly or by reasonable implication, in the order of summary dismissal. It appears

that plaintiff is simply rephrasing the arguments raised in his initial complaint. For that reason, the motions for reconsideration will be denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**V. Conclusion**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

Plaintiff's Motion for Reconsideration and Request to File an Amended Complaint (Dkt. 12) and Motion for Reconsideration or Request to File an Appeal (Dkt. 13) are DENIED. An appeal from the Court's Order of Summary Dismissal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Plaintiff's Amended Complaint (Dkt. 15) shall be STRICKEN from the docket.

Dated: March 6, 2015          s/Judith E. Levy_____
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
